UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARRELL K. BRADY,

       Petitioner,

-vs-                 Case No.  8:07-cv-1286-T-24MSS

SECRETARY, DEPARTMENT OF CORRECTIONS,

       Respondent.
_____/

## **ORDER**

  Darrell K. Brady petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1) He challenges his conviction and sentence entered by the Circuit Court for the Sixth Judicial Circuit, Pasco County, Florida.

  In March 2000, Brady was arrested and charged with lewd or lascivious exhibition (count one) and battery (count two).  On February 28, 2001, Brady pled nolo contendere to the charges and was sentenced to five years incarceration on count one and to time served on count two.  At sentencing Brady was designated a sexual predator under Section 775.21(4)(c), Florida Statutes (1999).  A sexual predator designation is neither a sentence nor a punishment, and generally, is not subject to the Florida Rules of Criminal Procedural. *State v.* Colley, 744 So. 2d 1172, 1174 (Fla. 2d DCA 1999).  Notwithstanding the civil nature of the designation, Florida courts have held that an order designating an offender to be a sexual predator is subject to direct appeal pursuant to Rule 9.140(b)(1)(C), Florida Rules of Appellate Procedure, which provides that a defendant may appeal "orders entered

after final judgment or finding of guilt." *Downs v. State*, 700 So. 2d 789, 789-90 (Fla. 2d DCA 1997). *See also, Pisarri v. State*, 724 So. 2d 635 (Fla. 5th DCA 1998) (if trial court erroneously found appellant to be a sexual predator, an appeal from that order would have been the appropriate remedy).

Brady appealed his designation as a sexual predator and, on June 7, 2002, the state district court of appeal remanded to the state trial court with directions to strike the sexual predator designation. *Brady v. State,* 817 So. 2d 1079 (Fla. 2d DCA 2002). On December 4, 2002, the state trial court entered an order striking the sexual predator designation.

Brady confirms in his petition (Doc. No. 1) that after December 4, 2002, he did not file any further appeals or any post-conviction motions in state court.

On July 19, 2007, Brady filed the present federal petition for writ of habeas corpus. The petition is untimely.

## DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act created a new limitations period for petitions for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of ... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...." 28 U.S.C. §2244(d)(1)(A). Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

Brady did not file his present federal petition for writ of habeas corpus until more than four years after the state trial court entered the order striking the sexual predator designation. Pursuant to AEDPA, his present petition is time-barred. Brady has not alleged extraordinary circumstances that would entitle him to equitable tolling of the AEDPA one-year limitations period.

Accordingly, the Court orders:

That Brady's petition for writ of habeas corpus is dismissed as time-barred. The Clerk is directed to enter judgment against Brady and to close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v.*

*Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on July 27, 2007.

SUSAN C. BUCKLEW
United States District Judge

Darrell K. Brady